IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEXANDER P.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 1:24-cv-01734-AP

**OPINION AND ORDER**

**POTTER, United States Magistrate Judge**:

    Plaintiff Alexander P. brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g).

    Plaintiff alleges that the Administrative Law Judge (ALJ) erred by (1) failing to find that Plaintiff's impairments meet Listing 12.05B; (2) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and (3) finding unpersuasive the medical opinions of David Hickman, Ph.D. and Karina Castillo, LCSW. Pl.'s Br. 2–11, ECF No. 15. For the reasons outlined below, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB on January 21, 2022, alleging disability since December 31, 2019. Tr. 62–63. The claim was denied initially and upon reconsideration. Tr. 79, 98. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Laurie Wardell on October 4, 2023. Tr. 41–61. In a written decision dated December 1, 2023, ALJ Wardell determined that Plaintiff was not disabled under the Social Security Act. Tr. 17–35. Plaintiff sought review from the Appeals Council; the Appeals Council declined. Tr. 1. He then filed this action for judicial review.

Plaintiff is currently 28 years old. *See* Tr. 62. Plaintiff alleges disability due to problems retaining information, post-traumatic stress disorder, attention deficit disorder, and social anxiety. Tr. 63. Plaintiff completed high school and has previous work experience as a janitor, stocker, dishwasher, and merchandiser representative. Tr. 58, 248.

## STANDARD OF REVIEW

When reviewing the decision of the ALJ, district courts view questions of law de novo. *Obrien v. Bisignano*, 142 F.4th 687, 693 (9th Cir. 2025). But when there is no legal error, the denial of benefits will only be overturned if the ALJ's decision "is not supported by substantial evidence." *Id.* (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). This is not a high bar; substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The court may not substitute its judgment for that of the ALJ when the evidence could

support either affirming or reversing the ALJ's decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

## DISCUSSION

A person is disabled when they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When determining if someone seeking benefits is disabled, the ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). If at any point in the five-step process the ALJ determines that the person is or is not disabled, the process stops. *Id*.; *see also Woods v. Kijakazi,* 32 F.4th 785, 787 n.1 (9th Cir. 2022).

The first step looks at whether the claimant is doing "substantial gainful [work] activity;" if they are, they are not disabled. 20 C.F.R. § 404.1520(a)(4)(i). The second step focuses on the claimant's physical or medical impairment; a claimant is not disabled unless they can show a severe impairment that lasts at least a year or is expected to result in death. 20 C.F.R. § 404.1520(a)(4)(ii). At the third step, the ALJ asks whether the severity of the impairment meets or equals one of the impairments listed by the Commissioner of Social Security. *Id.* § 404.1520(a)(4)(iii). If the impairment is equivalent to one of the listed impairments, the claimant is presumptively disabled. *Id.* If not, the ALJ proceeds to the fourth step. *Id.* § 404.1520(a)(4)(iv). Prior to proceeding to steps four and five, the ALJ must determine the residual function capacity. *Id.* § 404.1520(e). This analysis determines what a claimant can do on a sustained basis despite their limitations. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). Then, the fourth

3 – OPINION AND ORDER

step requires an analysis of the claimant's part work and residual functioning; if the claimant can still do their past relevant work, they are not disabled. *Id.* § 404.1520(a)(4)(iv). At the fifth step, the question is whether given the claimant's present abilities, there is another type of job they can do; if the claimant can do another job, they are not disabled. *Id.* § 404.1520(a)(4)(v).

Here, the ALJ determined that Plaintiff satisfied the first two steps of the analysis. Tr. 19-21. At step three, though, the ALJ determined that his impairment did not meet or equal one of the impairments listed by the Commissioner. Tr. 21-22. The ALJ then conducted the RFC assessment and determined Plaintiff could "perform a full range of work" with certain limits including the work would need to involve simple, routine tasks and would need time to refocus. Tr. 25-32. Based on this determination, the ALJ concluded at step four that Plaintiff was capable of performing his past work as a janitor and dishwasher. Tr. 32-33. Based on this, the ALJ determined plaintiff was not disabled. Tr. 35.

Plaintiff takes issue with the ALJ's determination that he did not meet one of the listed criteria at step three of the test and how the ALJ analyzed his own subjective testimony and the testimony of his providers when making the RFC assessment.

**I.    Listing 12.05B**

Plaintiff first argues that the ALJ erred at the third step by failing to find that Plaintiff's impairments meet Listing 12.05. Pl.'s Br. 2–6.

At this step of the analysis, the ALJ found that Plaintiff's impairments did not meet the severity of any of the listed impairments. Tr. 21. The ALJ considered all the listed impairments, but did pay specific attention to listings 12.02, 12.04, 12.05, 12.06, and 12.08. Tr. 21.

Listing 12.05 covers intellectual disorders. To meet paragraph B of listing 12.05, Plaintiff must first show that he has "significantly subaverage general intellectual functioning," as measured by a "full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence."[2] 20 C.F.R. Pt. 404, Subpt. P, App. 1. According to Dr. Hickman's July 2022 psychological evaluation, Plaintiff's full-scale IQ is 70. Defendant does not dispute that Plaintiff meets this criteria.

Plaintiff must also show that his disorder began prior to the age of 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Defendant also does not dispute that Plaintiff meets this criteria. Plaintiff's previous psychological evaluations, as well as the lay testimony from Plaintiff's mother and information about his school records all indicate that Plaintiff's disorder began prior to the age of 22. *See, e.g.*, Tr. 248, 340–43, 344–48.

Finally, Plaintiff must show that he has "significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two" areas of mental functioning, including understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1. An extreme limitation means a person is "not able to function in this area independently, appropriately, effectively, and on a sustained basis." *Id.* A marked limitation means that a person's "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited." *Id.*

---

[2] Or a "full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence." 20 C.F.R. Pt. 404, Subpt. P, App. 1.

5 – OPINION AND ORDER

The ALJ found that Plaintiff has a moderate—but not a marked or extreme—limitation in all four of these areas of adaptive functioning. Tr. 21-23. A moderate limitation means that a person's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." *Id.*

Plaintiff argues that the ALJ should have found that he had an extreme limitation in understanding, remembering, or applying information. Pl.'s Br. 3–4. In the alternative, Plaintiff argues that the ALJ should have found that he had marked limitations in understanding, remembering, or applying information and in interacting with others. Pl.'s Br. 4–6. The Court disagrees.

In support, Plaintiff points to Dr. Hickman's evaluation. From his interview with Plaintiff, Dr. Hickman noted that Plaintiff's memory "appeared to be markedly impaired." Tr. 556. Dr. Hickman administered the Wechsler Adult Intelligence Scale – 4th Edition, which found that Plaintiff's working memory, immediate memory, delayed memory, auditory memory, and visual memory were all extremely low. Tr. 557-59. From this, Dr. Hickman found that Plaintiff "has difficultly remembering and carrying out simple tasks, and that his ability to remember and carry out complex tasks is markedly impaired." Tr. 560. Dr. Hickman then opined that Plaintiff's "ability to understand, remember, and carry out simple one or two-step job instructions is mildly impaired." Tr. 561. He further opined that Plaintiff's "ability to understand, remember, and carry out detailed, but uncomplicated, job instructions is moderately impaired." Tr. 561. Finally, Dr. Hickman opined that Plaintiff's "ability to understand, remember, and carry out an extensive variety of technical and/or complex job instructions is markedly impaired." Tr. 561.

6 – OPINION AND ORDER

The ALJ considered all the evidence in the record, including Dr. Hickman's evaluation, and found that Plaintiff has only a moderate limitation in understanding, remembering, or applying information. Tr. 21. The ALJ found that Plaintiff's "reported activities do not support a marked limitation in this area." Tr. 21. The ALJ's conclusion here is supported by substantial evidence. As the ALJ noted, Plaintiff reported that he can handle a savings account and use a checkbook. Tr. 277. Plaintiff also reported that he can drive and generally can go out alone, which he does a few times a month. Tr. 277. Plaintiff prepares meals daily, feeds the animals, and does yardwork and housework. Tr. 276. Dr. Hickman also found that Plaintiff's ability to carry out simple one to two-step instructions is only mildly impaired. *Cf.* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (giving examples of understanding, remembering, or applying information, to include "following one- or two-step oral instructions to carry out a task"). The Court finds no error here.

## II.     Plaintiff's Subjective Symptom Testimony

Plaintiff next argues that the ALJ failed to give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Pl.'s Br. 7–8. This focuses on The ALJ's assessment of the RFC.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).  The ALJ must first determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If this first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ then must determine the

intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "[T]he ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (emphasis added) (internal quotation and citation omitted). Specific, clear and convincing reasons are those which "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified that he has "difficulty interacting with people." Tr. 45. He also testified that he has always had "a really hard time grasping and retaining information." Tr. 47. He reported that because he struggles to retain information, that can lead to confrontation in the workplace, at which point he shuts down and does not complete his tasks. Tr. 274.

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 26–27. Specifically, the ALJ found Plaintiff's statements to be inconsistent with his activities of daily living and with the objective medical evidence in the record. This is supported by substantial evidence.

A plaintiff's activities of daily living can undermine a claim of debilitating symptoms when the activities either "meet the threshold for transferable work skills" or contradict the plaintiff's testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ found that Plaintiff's activities contradicted his testimony. Tr. 27. As the ALJ noted, "despite alleging problems with completing tasks and understanding," Plaintiff goes

out on a daily basis and can drive a car, "suggesting the ability to plan and execute a route and attend to task." Tr. 27; *see* Tr. 265, 277. Plaintiff is also able to manage his funds and balance a checkbook. Tr. 265, 277, 343, 555. Plaintiff also reported that he can finish what he starts. Tr. 279. "[D]espite reporting significant limitations being around others," Plaintiff was working part-time in a job that "require[d] him to be around others on a regular basis." Tr. 27; *see* Tr. 55.

Inconsistency with the medical evidence is also a clear and convincing reason to reject subjective symptom testimony, though it cannot be the ALJ's only reason. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). In addition to the inconsistency with Plaintiff's activities of daily living, the ALJ noted inconsistencies with the objective medical evidence. Tr. 27–28. Providers noted that Plaintiff's memory was normal or good during mental status exams. Tr. 399, 464, 529. Plaintiff did not show any overt deficits in memory or concentration in a 2018 evaluation. Tr. 393. Plaintiff is able to complete and understand paperwork. Tr. 652. In conversation with his case manager, Plaintiff was able to maintain focus, even though he did confirm information multiple times. Tr. 673. Treatment provider notes also indicate that Plaintiff was interested in attending classes and group meetings and "becoming more social." Tr. 673; *see also* Tr. 646. The ALJ's finding here is supported by substantial evidence.

### III.  Medical Opinions of Dr. Hickman and Karina Castillo, LCSW

Plaintiff argues that the also ALJ erred by finding unpersuasive the opinions of evaluating clinical psychologist, David Hickman, Ph.D., and counselor, Karina Castillo, LCSW, when determining the RFC. Pl.'s Br. 8–11.

When evaluating medical evidence, the ALJ must look at the persuasiveness of the medical opinion with a focus on the "'supportability' and 'consistency'" of the findings. *Woods*,

32 F.4th at 791 (citing 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Id.* at 791–92 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

The ALJ found Dr. Hickman's opinion to be partially persuasive. Tr. 29. Dr. Hickman opined that Plaintiff's "ability to understand, remember, and carry out simple one or two-step job instructions is mildly impaired." Tr. 561. The ALJ found this part of Dr. Hickman's opinion not fully supported by his evaluation and inconsistent with the record. The ALJ concluded that this level of limitation was inconsistent with Plaintiff's ability to complete tasks with multiple steps, by working part-time as a merchandiser, driving, and using a computer. Tr. 29–30. Instead, the ALJ found Dr. Hickman's opinion that Plaintiff "has the psychological and cognitive ability to manage his own funds" more persuasive in assessing the RFC. Tr. 30; *see* Tr. 562. These findings are supported by substantial evidence.

The ALJ found Ms. Castillo's opinion unpersuasive. Ms. Castillo opined that Plaintiff has moderate limitations in understanding, remembering, and carrying out simple instructions. Tr. 729. She opined that Plaintiff has marked limitations in making simple work-related decisions and extreme limitations in making complex work-related decisions. Tr. 729. She opined that Plaintiff has moderate limitations in interacting with the public and marked limitations in interacting with supervisors and coworkers. Tr. 729. Ms. Castillo opined that Plaintiff has extreme limitations in responding appropriately to usual work situations and changes in routine.

Tr. 729. Finally, Ms. Castillo opined that Plaintiff would be off task for 15% or more of a workday and would be absent for three or more days per month. Tr. 731.

The ALJ found that Ms. Castillo's opinion was not supported by her treating notes and was inconsistent with Plaintiff's own reported activities. Tr. 32. First, the ALJ contrasted Ms. Castillo's opinion with her treatment notes that Plaintiff was doing well at his job. Tr. 32 (citing Tr. 751). As the ALJ noted, Ms. Castillo's treatment notes give "no indication that [Plaintiff] was off task or absent at the rate opined." Tr. 32. The ALJ again relied on Plaintiff's ability to drive and use a computer to support the finding that Plaintiff is capable of making simple work-related decisions. The ALJ's finding here is also supported by substantial evidence.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 23rd day of January, 2026.

       /s/Amy E. Potter
      Amy E. Potter
      United States Magistrate Judge